By the Court
 

 (Kinkade, J.).
 

 The single question in dispute in this case is the correct interpretation of Section 2319, General Code.
 

 The state superintendent of the department of public works, Albert T. Connar, one of the defendants, duly advertised for bids covering materials and labor for perfecting an improvement at Long-view State Hospital. The relator, the Skinner Engine Company, duly submitted a bid, with bond as required. This bid was found upon investigation to be the lowest and best bid, was accepted, and contract drawn and duly executed under and pursuant to Section 2319. This section provides for a thirty-day period after bids are opened, in which to investigate the bid and the bidder as well, before making final decision and awarding the contract. The section contains a further provision that the contract and bond must be approved by the Attorney General. The award was made and the contract was
 
 *405
 
 entered into in this case after the expiration of the thirty-day period. The Attorney General declined to approve, for the sole reason that the thirty-day period had expired, and for that reason the superintendent of public works had thereby lost jurisdiction to proceed further, and must reject all bids and readvertise for new bids.
 

 The superintendent of public works, in view of the position taken by the Attorney General, declined to permit relator to go forward with the work, and thereupon the relator brought this action in mandamus. The Attorney General demurred to the petition.
 

 The provisions of Section 2319 which need to be considered here are as follows:
 

 “After investigation which shall be completed within thirty days, the contract shall be awarded by such owner to the lowest bidder, or bidders. * * * The contract and bond shall be submitted to the attorney general and his approval certified thereon.”
 

 The attorney general contends that these provisions are mandatory, and require the award to be made within the thirty-day period, or at least the acceptance and award must be made within the thirty-day period.
 
 We
 
 are not able to appreciate any substantial merit in this claim. This court holds these provisions to be directory only. The superintendent of public works has thirty days for investigation. He may consume the whole period in his investigation, and when he shall have done so, and thereby fully satisfied his mind as to what is the best course to pursue for the benefit of the state, no sound reason can be assigned why the state should be denied the benefit of that investigation and de
 
 *406
 
 cisión. There is no propriety in reading into the statute a provision which the Legislature did not place there.
 

 Demurrer overruled- and writ allowed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Robinson, JJ., concur.